**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff**

-vs-                                                                          Case No. 2:07-cr-12-FtM-29DNF

**RIGAUD OXE,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      On June 25, 2007, counsel for the Defendant, Rigaud Oxe, filed a Motion for Continuance and to Conduct a Competency Determination (Doc. 29) which was granted by Order (Doc. 30) and the matter of competency was referred to this Court for resolution. A hearing was held on July 18, 2007, and an Order (Doc. 36) was entered on July 19, 2007, finding that there was reasonable cause to believe that the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, citing to 18 U.S.C. §4241 and 4247. The Court directed that the Defendant be sent to a federal facility capable of conducting a psychiatric examination and provide reports to the Court, Defense Counsel, and the Government. A Forensic Evaluation conducted by Jorge Luis, Psy.D, was received and the cover letter indicates that copies of the Forensic Evaluation were sent to the Assistant United States Attorney, and the Assistant Federal Public Defender.

The Forensic Evaluation was filed *in camera.* A hearing was held on November 7, 2007, on the issue of competency. The Defense Counsel and the Government did not object to the findings in the Forensic Evaluation. The Government moved the Forensic Evaluation into evidence.

Dr. Luis concluded that the Defendant had a basic factual understanding of the nature and consequences of the proceedings against him, but his degree of trial competency was unsatisfactory and there is a possibility that he suffers from a mental disease or defect at the present time. Dr. Luis found the Defendant to be incompetent to stand trial. Dr. Luis determined that the Defendant should be transferred to a federal medical facility to undergo a more comprehensive inpatient psychiatric assessment and treatment to attempt to restore competency to stand trial. Dr. Luis opined that further evaluation would enable the Defendant's neuropathology to be identified.

The Court finds by a preponderance of the evidence that based upon the Forensic Evaluation, the Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Pursuant to 18 U.S.C. §4241(d)(1), the Court will recommend that the Defendant be committed to the custody of the Attorney General and sent to a suitable facility for evaluation and treatment.

**IT IS HEREBY RESPECTFULLY RECOMMENDED:**

1) That the Defendant be committed to the custody of the Attorney General, or his duly authorized representative, who shall hospitalize the Defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the Defendant will attain the capacity to permit the proceedings to go forward, all in accordance with 18 U.S.C. §4241.

2) That the applicable time period begin to run on the date the Defendant arrives at the treatment facility.

3) That the United States Marshall be required to transport the Defendant immediately to the institution designated for the purpose of this commitment by the most expeditious and direct means available.

4) That the custodian of the Defendant be required to file a status report with the Court and copies to counsel of record, every thirty (30) days following the Defendant's arrival at the treatment facility.

At the hearing held on November 7, 2007, the parties waived their objections to the proposed findings of fact and recommendations contained in this report.

Respectfully recommended in Chambers in Ft. Myers, Florida this __9th__ day of November, 2007.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record