**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff**

**-vs-**                                                                                                            **Case No. 2:07-cr-12-FtM-29DNF**

**RIGAUD OXE,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

On April 8, 2008, the Court received by a letter from A.F. Beeler, Complex Warden for the Federal Bureau of Prisons, Federal Correctional Complex of the Federal Medical Center dated March 31, 2008 and a Forensic Evaluation, regarding the status of the Defendant, Riguad Oxe. A brief history of this case is that on June 25, 2007, counsel for the Defendant filed a Motion for Continuance and to Conduct a Competency Determination (Doc. 29) which was granted by Order (Doc. 30). A hearing was held on July 18, 2007, and an Order (Doc. 36) was entered on July 19, 2007, finding that there was reasonable cause to believe that the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (See, 18 U.S.C. §4241 and 4247). The Defendant was sent to a federal facility for a psychiatric examination and a report was provided to the Court, counsel for the United States, and counsel for the Defendant. The Forensic Evaluation was filed *in camera*. The evaluator found the Defendant to be incompetent to stand trial. The evaluator recommended that the Defendant be sent to a facility for a lengthy

evaluation. On November 12, 2007, the Court committed the Defendant to the custody of the Attorney General for hospitalization for treatment not to exceed four (4) months to determine if there is a "substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." (See, Doc. 50, p. 2). As stated above, a letter was sent from the Warden of the Federal Medical Center as well as a second Forensic Evaluation of the Defendant dated March 12, 2008. (These documents are filed *in camera*). The conclusion of the evaluators is that the Defendant continues to suffer from a mental defect rendering him mentally incompetent to the extend that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Pursuant to 18 U.S.C. 4241(d), "[i]f, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit proceeding to go forward, the defendant is subject to the provisions of sections 4246 and 4248." Section 4246 provides that if the director of the facility where the defendant is hospitalized certifies that the defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" then the Court must hold a hearing to determine by clear and convincing evidence that the defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," and if so, then certain arrangements must be made. See, 18 U.S.C. 4246(a) and (d). Prior to holding the hearing, the Court may "order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. 4246(b). Pursuant to 18 U.S.C. §4247(b) the Court may commit the defendant to be examined

pursuant to 4246 or 4248 for a reasonably period not to exceed forty-five days, to the "custody of the Attorney General for placement in a suitable facility." The psychiatric or psychological report shall include "whether the person is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and if the examination if ordered pursuant to 4248, "whether the person is a sexually dangerous person." 18 U.S.C. §4247(c)(4) (C) and (D).

The Court respectfully recommends the following:

1) That based upon the finding in the Forensic Evaluation dated March 12, 2008, that the Defendant, Rigaud Oxe be committed to the custody of the Attorney General who shall have the Defendant examined for a reasonable period of time, not to exceed forty-five days at a suitable facility pursuant to 18 U.S.C. §4247(b).

2) That the applicable time period begin to run on the date the Defendant arrives at the facility.

3) That the United States Marshal be required to transport the Defendant immediately to the institution designated for the purpose of his evaluation by the most expeditious and direct means available.

4) That the psychiatric or psychological report include the following:

    a. the Defendant's history and present symptoms;

    b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. the examiner's finding; and

    d. the examiner's opinions as to diagnosis, prognosis and whether the Defendant is presently suffering from a mental disease or defect as a result of which his release would create a

substantial risk of bodily injury to another person or serious damage to property of another, or whether the Defendant is a sexually dangerous person.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __15th__ day of April, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record